## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BARRY BURNS, et al., | Case No. 3:07-cv-746 |
| Plaintiffs, | **MEMORANDUM IN SUPPORT OF MOTION TO APPROVE SETTLEMENT** |
| -against- | Judge Aleta A. Trauger |
| APARTMENT INVESTMENT AND MANAGEMENT COMPANY, AIMCO PROPERTIES, L.P., NHP MANAGEMENT, and AIMCO/BETHESDA HOLDINGS, INC., | |
| Defendants. | |

The parties, through their respective counsel, respectfully request that this Court enter an Order (in the form attached) approving the parties' settlement. In support of this Motion, the parties state that they have resolved this matter as described herein.

### A.   PROPOSED SETTLEMENT

The Plaintiffs in the above lawsuit filed this action in the United States District Court for Middle District of Tennessee alleging that the Defendants violated the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, by failing to pay them for hours worked in excess of 40 in a work week ("Unpaid Overtime Claims") and failing to pay them for time spent on-call ("Waiting Time Claims").

To avoid the uncertainty and cost of further litigation of this matter, the parties have negotiated on an arms' length basis a compromise of their dispute that all parties agree is fair, adequate and reasonable. A copy of the Settlement Agreement, along with the attached exhibits, are attached hereto as Exhibit 1. Plaintiffs' counsel has communicated the terms of the proposed

settlement to the 20 Plaintiffs in this case, and the Plaintiffs have agreed to settle their claims under the proposed settlement terms.

The material terms of the settlement are as follows:

1.       Defendants do not admit any liability or wrongdoing whatsoever.

2.       In exchange for their execution of a Confidential Settlement and Release of Claims, sample forms which are attached as Exhibit B and C to the Settlement Agreement, Defendants agree to pay the settling Plaintiffs the sums identified in Exhibit A to the Settlement Agreement, less applicable deductions and withholding for federal and state taxes.  Upon payment of the settlement sums, Plaintiffs' claims shall be dismissed with prejudice.

3.       Waiting Time Claims and attorneys' fees and costs shall be determined by arbitration, as provided in Exhibits E and F to the Settlement Agreement.

4.       The terms of the Settlement Agreement are to be confidential.

The names of the 20 Plaintiff who are to execute a Confidential Settlement and Release of Claims under the Settlement Agreement, and whose claims shall be dismissed with prejudice after AIMCO issues payment of the settlement are:

Jamie Ashburn
James Brown
Homer Davenport
Paul Hensley

Albert Husley
Jeffrey Jenkins
Antonio Jones
Reginald Jones
Fred Lewis
Thomas Massey
Joshua Merrit
Brian Mitchell
Curtis Myers
Michael Pooley
Jerry Rush
Kenneth Sales
James Todd, Jr.
Jerry Vaughn
Mark Vital
Frank Williams

## B.      LEGAL BASIS FOR APPROVAL

Because a class in this case has not been certified under Fed. R. Civ. P. 23, and this

settlement resolves individual claims of the Plaintiffs, the notice and approval process for class

action settlements do not apply in this case.  *See* Fed. R. Civ. P. 23(e).

However, when employees bring a private action for back wages under the FLSA and the

employer and employees agree to compromise the disputed claims, in order to secure an

enforceable settlement the district court must review and approve the settlement for its fairness to

the settling employees.  *See, e.g., Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353

(11th Cir. 1982); *Jarrard v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947);

*DeBraska v. Milwaukee*, 11 F.Supp.2d 1020, 1027 (E.D. Wis. 1998), *aff'd in part and rem. in*

*part*, 189 F.3d 650 (7th Cir. 1999).

While court approval is required for settlement of an employee's FLSA claims, *see*

*Lynn's Food Stores, supra*, 679 F.2d at 1353-54, there are few cases delineating the applicable

standards.  Nevertheless, courts which have considered the issue have applied the same standard

as in the Rule 23 context -- that is, whether the settlement is fair, reasonable, and adequate.  *See*

*id.* at 1354; *Murillo v. Texas A & M Univ. Sys.*, 921 F. Supp. 443, 444 (S.D. Tex. 1996).

### 1.     Fed. R. Civ. P. 23

In deciding whether to give final approval to a class action settlement under Rule 23(e), the district court's primary responsibility is to ensure that the settlement is "fair, reasonable, and adequate." Fed.R.Civ.P. 23(e)(1)(C).  In making this determination, "it must not be overlooked that voluntary conciliation and settlement are the preferred means of dispute resolution." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 625 (9th Cir. 1982).  Moreover, settlements resulting from arm's length negotiations are presumed to be fair.  *See Murillo v. Texas A & M Univ. Sys.*, 921 F. Supp. 443, 445 (S.D.Tex. 1996) (noting that there is an "initial presumption of fairness when a proposed class settlement was negotiated at arm's length by counsel for the class") (citation omitted); *see also Lynn's Food*, 679 F.2d at 1353-54 (emphasizing that settlements which grow out of an "adversarial context" are "more likely to reflect a reasonable compromise of disputed issues" making it possible for a district court "to approve the settlement in order to promote the policy of encouraging settlement of litigation").

Courts have further emphasized that "a settlement must be evaluated in light of the strength of the case, and the court must balance the probable outcome of an action, if tried, against the provisions of the settlement." *Boyd v. Bechtel Corp.* 485 F. Supp. 610, 617-18 (N.D. Cal. 1979).  As the *Bechtel* court further explained:

> It is not necessary or expected that litigants will obtain through settlement all they might have realized through a victorious trial. Cognizant of the likely disappointment of class members who perceive they have been victims of discrimination in receiving less than the full recovery sought, the Court also recognizes that simply because a settlement may amount to only a fraction of the potential recovery does not in itself render it unfair or inadequate. *Compromise is the very nature of settlement*.

*Id.* at 618 (emphasis added and citations omitted).

Finally, the district court should consider a number of specific factors in evaluating the fairness, reasonableness, and adequacy of a proposed settlement, including:

> the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the state of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Officers for Justice*, 688 F.2d at 625 (citations omitted); *see also Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1242 (9th Cir. 1998); *In re XOMA Corp. Sec. Litig.*, 1992 U.S. Dist. LEXIS 10502, at *6-7 (N.D. Cal. July 10, 1992).

### 2. The Settlement Is Fair, Reasonable, and Adequate

This Court should approve the parties' proposed settlement because the agreement to settle this litigation is fair, reasonable, and adequate. The amount to be paid to each Plaintiff provides a fair and equitable means of compensating claimants. The amount offered to each Plaintiff individually was calculated based upon that Plaintiff's sworn response to interrogatories identifying the number of uncompensated hours worked by that Plaintiff during his or her tenure with AIMCO during the period within the statute of limitations. The fact that each plaintiff has individually approved the amount he or she will receive in the settlement also supports a finding that the settlement is fair and adequate. Declaration of Llezlie L. Green, attached hereto as Exhibit 2, ¶ 3.

### 3. The Settlement Eliminates the Ongoing Burden, Expense and Risks of Litigation

In contrast to the substantial and immediate benefits the Plaintiffs will receive in compromising their claims, continued litigation of this case would be lengthy, costly, complicated, and burdensome to all concerned. As with all litigation, the ultimate outcome of

Plaintiffs' claims is uncertain.  Significant issues concerning methods of proof, liability, and

appropriate remedies, if any, would be vigorously litigated and would need to be resolved absent

settlement.

Further, even if Plaintiffs were to establish liability in this case, Plaintiffs would face

substantial uncertainty as to the calculation of damages, given the nature of the claimed off-the-

clock work and waiting time issues.

Furthermore, the need for Plaintiffs to seek time off work to participate in depositions

and trial was a substantial burden which Plaintiffs sought to avoid, given that they have little

access to paid vacation time in their current jobs, and could not afford to forgo paid work in

order to attend trial.  *See* Green Decl. at ¶ 4.

In short, the time, expense, and uncertainty of continued litigation weigh strongly in favor

of approval of the settlement.  *See, e.g., XOMA Corp.*, 1992 U.S. Dist. LEXIS 10502, at \*7.

### 4.  Counsel for Both Parties Endorse the Settlement

The Court should also consider the views of counsel in evaluating the settlement.

Courts have emphasized that the attorneys, having an intimate familiarity with a

lawsuit, "are in the best position to evaluate the action, and the Court should not

without good cause substitute its judgment for theirs."  *Bechtel*, 485 F. Supp. at 622;

*see also Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988) ("[t]he

recommendation of experienced counsel carries significant weight in the court's

determination of the reasonableness of the settlement."); *XOMA Corp.*, 1992 U.S. Dist.

LEXIS 10502, at \*9 ("[t]he court is entitled to rely heavily on the assessment of able

counsel negotiating at arms' length.").  Here, the proposed Settlement Agreement has

the full support of counsel for Plaintiffs and Defendants, both of whom have

considerable experience in litigating wage and hour issues and in the prosecution and defense of class/collective actions. Moreover, the parties reached this settlement agreement with the assistance of a mediator who is very experienced in litigation and settlement of large wage and hour cases. Green Decl. ¶ 2, 4.

# **CONCLUSION**

For all of the reasons stated above, the parties respectfully request an Order (in the form attached) approving the proposed settlement. Following the submission of signed releases from each Plaintiff and issuance of checks from AIMCO to each Plaintiff who submits a release, the Parties will submit a joint motion to dismiss this action.

Dated:  October 9, 2008

By: */s/ Thomas E.J. Hazard*
John M. Husband, P.C.
Thomas E.J. Hazard, P.C.
Christina F. Gomez
Tanya E. Milligan
HOLLAND & HART, LLP
555 Seventeenth Street
Suite 3200
Denver, CO  80202
Telephone:   (303) 295-8000
Facsimile:   (303) 295-8261

And

Antonio Robinson
LITTLER MENDELSON, P.C.
3348 Peachtree Rd., N.W.
Suite 1100
Atlanta, GA 30326-1007
Telephone: (404) 760-3962
Facsimile: (404) 233-2361

And

Camille Webb Steward
MILLER & MARTIN
1200 One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219
Telephone: (865) 744-8528
Facsimile: (865) 744-8628

*Attorneys for Defendants*

By: */s/ Llezlie L. Green*
Joseph M. Sellers
Charles E. Tompkins
Llezlie L. Green
Andrew Bullion
COHEN, MILSTEIN, HAUSFELD & TOLL, PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Telephone:        (202) 408-4600
Facsimile:        (202) 408-4699

And

Gordon Ball
BALL & SCOTT
Bank of America Building
550 West Main Avenue, Suite 750
Knoxville, TN 37902
Telephone: (865) 525-7028
Facsimile: (865) 525-4679

*Attorneys for Plaintiffs*